

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDY ALBERTO REYES SILVA,<br><br>                                   Petitioner,<br><br>v.<br><br>WARDEN, Imperial Regional Adult Detention Facility, et al.,<br><br>                                   Respondents. | Case No.:  3:26-cv-4141-CAB-VET<br><br>**ORDER PARTIALLY GRANTING A WRIT OF HABEAS CORPUS** |

Pending before the Court is Petitioner Eddy Alberto Reyes Silva's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1 ("Petition").]  Petitioner is a citizen of Nicaragua subject to a final order of removal with withholding of removal to Nicaragua.  [*Id.* at 2, 7.]  On June 17, 2026, Petitioner reported for his routine Immigration and Customs Enforcement ("ICE") check-in and was detained.  [*Id.*]

Respondents acknowledge that Petitioner was "previously released from immigration custody on an order of supervised release pursuant to 8 U.S.C. § 1231(a)(3)." [Doc. No. 5.]  Respondents further admit that they are "unable to ascertain sufficient facts at this time to establish that Petitioner's supervised release was revoked according to the procedures established by law." [*Id.*]  Accordingly, Respondents "acknowledge[] that Petitioner is entitled to be released from custody subject to conditions of supervision." [*Id.*]

3:26-cv-4141-CAB-VET

Petitioner also argues that Respondents must provide adequate notice and an opportunity to be heard before removing him to a country other than Nicaragua ("third country"). [Petition at 11–13.] However, there is no evidence before the Court that Respondents have identified a third country, or that when one is identified, Respondents will contravene Ninth Circuit precedent requiring Petitioner to be notified that he may apply for appropriate relief, including withholding of removal to that third country. *See, e.g., Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."). It is thus premature on the current record for this Court to order injunctive relief related to Petitioner's potential future removal to an unidentified third country. The Court therefore **DENIES** Petitioner's request for relief on this issue.

In conclusion, the Court **GRANTS** a writ of habeas corpus and **ORDERS** Respondents to immediately release Eddy Alberto Reyes Silva subject to supervision under regulations prescribed by the Attorney General, including the requirements of 8 U.S.C. § 1231(a)(3). The Court **DENIES** Petitioner's request for injunctive relief regarding removal to a third country.

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: July 22, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

2

3:26-cv-4141-CAB-VET